Millard L. Midonick, S.
The executors under the will of this decedent are also the trustees under an inter vivos trust agreement dated March 25, 1969 made by the decedent as grantor. The executors filed a final account with this court. Attached to that account are schedules relating to an accounting for the inter vivos trust for the period during which the decedent had been trustee and for the further period when the executors, Ingrid Lilly Burns and Thomas R. Burns, acted as trustees. The petition prayed for a settlement of both accounts. A decree has been noticed for settlement as to the executors’ account. This court has been asked to settle by later decree the accounting with respect to the inter vivos trust.
This court has consulted with the Assistant Administrative Judge of the Civil Division of the Supreme Court, First Department. He has agreed and advised that in the interest of avoiding the fragmentation of jurisdiction, the Surrogate’s Court may assume jurisdiction over an inter vivos trust accounting where, as here, (a) the residue of the estate pours over into the inter vivos trust; (b) the decedent had been a trustee and the executors desire to account on his behalf; (c) the executors and the present trustees are the same persons; (d) the interested parties as to whom process is to be served in both the settlement of the executors’ accounts and the trustees’ accounts are the same. This court is pleased to do so, pursuant to the powers granted to it under article VI of the Constitution of the State of New York, and SCPA 201 and 209 and thus to exercise jurisdiction also over that portion of the accounting filed which related to the inter vivos trust. The Administrative Judge indicates that there is no objection.
In Matter of Healy, my learned colleague Surrogate Bennett rendered an unpublished decision on June 26, 1975 (File No. 151102, Nassau County, Surr Ct) wherein he exercised jurisdiction over an accounting for an inter vivos trust which poured over into an estate being administered in the Surrogate’s Court, citing as authority my article: "Do Surrogates Have Jurisdiction in Cases Involving Living Trusts?” (NYLJ, June 16, 1975, p 19, col 1).
*520 Although in Healy the decedent was the settlor of a trust, the remainder of which poured over into her estate upon her death, the principles analyzed in the cited article, supra, supported a broader jurisdiction over inter vivos trusts by the Surrogate’s Court. The grant of original jurisdiction over "the affairs of decedents” by the New York Constitution encompasses inter vivos trust accountings where "(1) The corpus of the inter vivos trust is materially enhanced as a result of the death of the settlor * * * and/or (2) The dispositive provisions of the * * * trust instrument either become operative or undergo a substantial shift in emphasis as a result of the death of the settlor.” (NYLJ, June 16, 1975, p 25, col 2.) This court will assume jurisdiction over an accounting for an inter vivos trust where, as here, the settlor’s will provides for the residue of his estate to pour over into the corpus of the trust.
Jurisdiction is conferred by the Constitution and statutes of this State as to the settlement of this inter vivos trust in conjunction with the judicial accounting of the executors. A supplemental decree may be submitted on notice by these executors settling the accounting as it relates to the inter vivos trust. The decree approving the final executors’ account has been signed.