OPINION OF THE COURT
William J. Regan, S.
Judicial settlement proceedings have been brought simultaneously in the estates of Louis J. Reed, deceased, and Jennie Reed, deceased. Louis J. Reed died on May 30, 1974, leaving a last will and testament whereby his residuary estate was given and devised to his wife, Jennie Reed. Jennie Reed died on June 10, 1974, leaving a last will and testament admitted to probate in this court on November 1, 1974, and by which will her residuary estate is given and devised to the trustees of a trust that had been established by her late husband, Louis J. Reed, on September 11, 1967, and which was further *998 amended by agreement on October 23, 1967. The question that immediately arises is whether the trust created by the deceased, Louis J. Reed, on September 11, 1967, falls under the jurisdiction of this court.
It has long been the policy of this court to retain original jurisdiction over any dispute, with rare exception, involving the normal administration of an estate of which this court has jurisdiction. Such jurisdiction is conferrred by SCPA 201, which is derived from sections 20, 40, 173, 174 of the former Surrogate’s Court Act and section 12 of article VI of the Constitution of the State of New York. By longstanding decisions, legislation has been enacted to clarify this court’s authority to "exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to the affairs of decedents * * * to try and determine all questions, legal or equitable * * * in order to make a full, equitable and complete disposition of the matter” (SCPA 201, subd 3).
Thus jurisdiction has been exercised over certain types of inter vivos trusts only with the understanding that such trusts directly affect the affairs of the decedent. As to the suggested procedures that might be followed in the various situations that do arise affecting inter vivos trusts, this court is in full accord with that opinion expressed by Judge Millard L. Midonick, Surrogate of New York County in Matter of Frohlich (87 Misc 2d 518). The situation at bar would appear to be a classic example of the involvement of an inter vivos trust over which the Surrogate should assume original jurisdiction. The accountings filed in these estates are so related to the inter vivos trust agreement of September 11, 1967, that it would only be logical that this court assume jurisdiction: The subject of jurisdiction over inter vivos trusts is covered in greater detail by Judge Midonick in his article "Do Surrogates Have Jurisdiction In Cases Involving Living Trusts?” (NYLJ, June 16, 1975, p 19, col 1). The varying situations of concurrent jurisdiction with Supreme Court are discussed, as well as those situations that may well be within the exclusive jurisdiction of Supreme Court.
In Matter of Healy, decided on June 26, 1975 by Judge Bennett, jurisdiction was exercised over an accounting for an inter vivos trust which poured over into an estate being administered in his court. (File No. 151102, Nassau County Surr Ct.)
*999 This matter was discussed by the undersigned with Justice Roger Cook, the Administrative Judge of the Eighth Judicial District, Fourth Department, who agreed that the issues in this proceeding should be entertained originally in this court as having a direct bearing on the affairs of decedent, and consequently on the normal administration of the estate. To avoid any misunderstanding, however, this court will accept jurisdiction over those inter vivos trusts only, which, as here, the Administrative Judge consents to. The judicial settlement proceedings in both of these estates are returnable in this court on October 28, 1977, as is the judicial settlement of the trustees with respect to the inter vivos trust agreement. The jurisdiction of the court as set forth in this opinion will be embraced in the decrees of judicial settlements to be eventually filed in these proceedings.