OPINION OF THE COURT
Renee R. Roth, S.
This is an application for advance payment of commissions pursuant to SCPA 2311.
In relevant part this section provides: "At any time during the administration of an estate and irrespective of the pendency of a particular proceeding, a fiduciary may present to the court from which his letters issued a petition praying that he be permitted to receive a sum on account of commissions to which he would be entitled if he were then filing his account and it were judicially settled” (SCPA 2311 [1]).
At issue in this proceeding is whether the statute applies to this petitioner.
Applications for advance payment of commissions under section 2311 are usually made by fiduciaries who are testamentary trustees or executors. This petitioner is neither. Petitioner is however a corporate "donee of a power during minority” authorized by governing instruments to manage property vested in an infant remainderman of three lifetime trusts. These trusts, originally created in 1935, had terminated in 1974 upon the death of the last income beneficiary. *953 At the time of termination, the infant remainderman was four years old. The governing instruments of these lifetime trusts authorized the then individual "trustee” to continue to manage the infant’s remainder interest as a "donee of a power in trust” (now a "donee of a power during minority”; see, Fourth Report of Temporary State Comm on Law of Estates, NY Legis Doc No. 19, at 23 [1965]) until the infant remainderman attains the age of 21 (in 1991). The individual donee resigned in 1983. Petitioner, Chase Manhattan Bank, N. A., was appointed successor donee by order of the Supreme Court, New York County.
The corporate donee requests this court to allow it advance payment of commissions under SCPA 2311. The grounds alleged are sufficient to grant the relief.
There is, of course, no longer any question as to the jurisdiction of the Surrogate’s Courts over lifetime trusts and fiduciaries of these trusts, including a "donee of a power during minority” (SCPA 103 [21]). Such jurisdiction was expressly given to the Surrogate’s Courts by several amendments enacted by the Legislature in 1980 (L 1980, ch 503). The definition of a trust contained in SCPA 103 (50) was amended to include a lifetime trust and SCPA 209 (6) was amended to confer jurisdiction upon the Surrogate’s Courts "[t]o determine any and all matters relating to lifetime trusts.”
The issue in this proceeding however is not whether this court has jurisdiction over lifetime trusts and fiduciaries of such trusts, but whether this court may allow advance payment of commissions (SCPA 2311) to a donee of a power during minority under a lifetime trust. The problem is created by two other amendments enacted in 1980, which conferred jurisdiction over lifetime trusts on this court (L 1980, ch 185).
One of these sections, SCPA 1509, now provides that a Surrogate "shall have such power over the lifetime trust and its trustee as a justice of the supreme court * * * would have.” The second section, CPLR 8005, previously provided that a trustee of a lifetime trust shall receive the same commissions as a trustee of a testamentary trust. The 1980 amendment provided that a trustee of a lifetime trust may be allowed advance payment of commissions in the same manner as a trustee of a testamentary trust (see, Matter of Hoffman, NYU, Jan. 7, 1985, p 17, col 3).
Since the Legislature used the term "trustee” instead of "fiduciary” in both SCPA 1509 and CPLR 8005, it may be *954 contended that only a "trustee” of a lifetime trust and not any other type of fiduciary of such a trust may be allowed advance commissions. It does not however appear that the Legislature had any such intention. Because the Supreme Court prior to 1980 had exclusive jurisdiction over lifetime trusts (cf. Matter of Fornason, 88 Misc 2d 736; Matter of Frohlich, 87 Misc 2d 518), the statute governing commissions (CPLR 8005) referred solely to lifetime trusts and trustees of such trusts. By providing in SCPA 1509 that the Surrogate’s Courts shall exercise the same jurisdiction over lifetime trusts as the Supreme Court, the Legislature did not intend to deny to "fiduciaries” other than trustees of lifetime trusts the right to apply for advance payment of commissions.
Moreover, SCPA 2311 (quoted earlier), specifically authorizes a fiduciary of any kind, as that term is defined in SCPA 103 (21), to apply for advance payment of commissions. A donee of a power during minority is by definition such a "fiduciary” and is allowed that right by section 2311.
Before 1980, the right to apply for advance commissions was only allowed to a donee who was acting under a will or testamentary trust. However after 1980, such right was also allowed by SCPA 2311 to a donee of a power during minority under a lifetime trust.
Although it is true that a donee of a power during minority does not receive letters as such fiduciary, the provision in SCPA 2311 (1), that a petition for advance commissions may be presented by a fiduciary "to the court from which his letters issued” was not intended to exclude a donee who does not receive letters. This provision is merely a procedural provision governing the venue of the proceeding. (See, CPLR 8005 which, referring directly to SCPA 2311, states: "the phrase 'the court from which his letters were issued’ shall be construed to mean the court having jurisdiction of the trust.”)
The court accordingly concludes that the corporate donee of a power during minority is entitled to be paid the advance commission requested in its petition, without bond, as provided in SCPA 2311.
A donee of a power during minority ordinarily succeeds himself or herself from a previous capacity as executor or trustee. Whether the fiduciary assumes the office of donee under the terms of a will or pursuant to the terms of a lifetime indenture, a donee takes on all the duties and responsibilities of the previous fiduciary. If the minor happens to be *955 very young, the donee of a power during minority will exercise such functions as investing assets, receiving and collecting income and reporting and paying taxes for a long period. Surely for these services a donee is entitled to commissions. If the donee is entitled to commissions, he, she or it, should be entitled to advance payment of commissions under the same terms as the predecessor trustee or executor (see, Second Report of Temporary State Comm on Law of Estates, NY Legis Doc No. 19, at 374-411 [1963]).
However, under the existing statutes (since SCPA 2308 and 2309 apply only to trustees), it would seem that a donee of a power during minority may only be paid commissions allowed under SCPA 2307 to "fiduciaries other than trustees”, i.e., receiving and paying commissions. Trustees on the other hand also receive annual commissions in addition to paying commissions (SCPA 2309) or receiving and paying commissions (SCPA 2308).
Since a donee of a power during minority usually performs the fiduciary duties of a trustee and not those of an executor or administrator, it would seem more appropriate to measure his commissions by the standards of section 2308 or 2309. This is however a matter for consideration by the Legislature. In this proceeding, under the existing statutes, the court determines that the donee is entitled to commissions pursuant to SCPA 2307.