OPINION OF THE COURT
Renee R. Roth, S.
*925 The issue in this proceeding is whether the Surrogate’s Court has jurisdiction to terminate a lifetime charitable trust under EPTL 8-1.1 (c) (2) which permits such trusts with assets of $100,000 or less to be terminated under certain circumstances.
By agreement dated December 16, 1921, William E. Harmon (who died in 1928) established a charitable trust for the income benefit of The Civic Trust of Lebanon, a not-for-profit Ohio corporation. Based upon the impracticality of maintaining this $44,000 trust, the trustee requests permission to distribute the principal to the named charity pursuant to EPTL 8-1.1 (c) (2). Although the interested parties have consented, there is a substantial stumbling block, namely, the statute on its face does not give the Surrogate’s Court authority to grant the requested relief.
Historically, only the Supreme Court had jurisdiction over matters involving lifetime trusts. Over time, however, the Legislature extended jurisdiction over such trusts to the Surrogate’s Court. Although the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (the Bennett Commission) recommended that the Surrogate’s Court be given concurrent jurisdiction over all lifetime trusts, the Surrogate’s Court Procedure Act (which superseded the Surrogate’s Court Act in 1967) specifically excluded lifetime trusts from the Surrogate’s jurisdiction (SCPA 209 [4]; L 1966, ch 953, eff Sept. 1, 1967; 5th Report of Temp St Commn on Estates, 1966 NY Legis Doc No. 19, at 1170).
The Legislature’s decision to limit the jurisdiction of the Surrogate’s Court to testamentary trusts was reflected in EPTL 8-1.1 (“Disposition of property for charitable purposes”) enacted on the same day as the SCPA (L 1966, ch 952, eff Sept. 1, 1967). EPTL 8-1.1 (c) (now EPTL 8-1.1 [c] [1]) gave jurisdiction over proceedings involving charitable trusts to “[t]he supreme court and, where the disposition is made by will, the surrogate’s court”. A corresponding provision of the SCPA, section 209 (6) (now SCPA 209 [7]), gave the Surrogate’s Court the power “[t]o entertain a proceeding under EPTL 8-1.1” only where it involved a testamentary charitable trust (L 1966, ch 953).
In 1980, the Legislature revisited the issue of jurisdiction over lifetime trusts and amended SCPA 201 (giving the Surrogate’s Court concurrent jurisdiction with the Supreme Court over such trusts [L 1980, ch 503, eff June 24, 1980]) and subdivision (4) of SCPA 209 (adding a new subdivision [6] to include among the “[p]owers incidental to jurisdiction of the court”, the power “[t]o determine any and all matters relating to lifetime trusts” [id.]).
*926 In addition, the Legislature amended SCPA 1501 to provide that the SCPA applies to “(1) (c) [a] lifetime trust of which the supreme court would also have jurisdiction” and added a new provision, SCPA 1509, giving Surrogates “such power over the lifetime trust and its trustee as a justice of the supreme court having jurisdiction over the trust would have” (id.).
Although these amendments gave the Surrogate’s Court jurisdiction over all matters involving lifetime trusts, the statute specifically governing charitable trusts, EPTL 8-1.1 (c) (1), was not revised. The conflict between the unqualified jurisdiction of the Surrogate’s Court over all lifetime trusts conferred in the SCPA and the seemingly exclusive jurisdiction of the Supreme Court over lifetime charitable trusts under EPTL 8-1.1 (c) (1) has not been addressed by our courts. The issue appears to be strictly one of statutory interpretation.
The “primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]; see, Rust v Reyer, 91 NY2d 355). To achieve such objective, our courts are first bound to try to ascertain such intent from a literal reading of the statute (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b]; § 94; Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471). But when a statute, construed according to its ordinary meaning, conflicts with obvious legislative intent, the court must depart from a strict literal interpretation (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 111; New York State Bankers Assn. v Albright, 38 NY2d 430; People v Davis, 195 AD2d 1) in order to uphold the general statutory scheme governing the subject matter. Finally, in the rare circumstance where two conflicting statutes cannot be reconciled, the later enactment must prevail as it is the more recent expression of the Legislature’s will (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 398; see also, Abate v Mundt, 25 NY2d 309, affd 403 US 182).
Nothing in the legislative history suggests that the revisers of the SCPA in 1980 had focused on EPTL 8-1.1 (c) (1) and decided to leave its jurisdictional restriction as an exception to the new statutory scheme which gave the Surrogate’s Court authority over all lifetime trusts. It is more likely that any contradictory provision was intended to be eliminated by the sweeping language of sections 1501 and 1509 and thus should not prevent this court from exercising its power as here proposed.
*927 There is no question that a literal application of EPTL 8-1.1 (c) (1) would be at odds with the over-all legislative design reflected in the 1980 amendments to the SCPA which were clearly intended to eliminate jurisdictional uncertainties arising under the bifurcated system created by the 1967 legislation. Despite the restrictive language of the statutes in the period between 1967 and 1980, some Surrogates had nevertheless exercised jurisdiction over lifetime trusts whose settlors had died, relying on the Surrogate’s Court’s broad jurisdiction over the “affairs of decedents” under the New York Constitution (art VI, § 12 [d]; Matter of Frohlich, 87 Misc 2d 518; Matter of Fornason, 88 Misc 2d 736). The Legislature was aware that the exercise of jurisdiction over lifetime trusts was becoming increasingly fragmented (see, Mem of Off of Ct Admin, 1980 NY Legis Ann, at 205). Its solution was to give jurisdiction to the Surrogate’s Court over all lifetime trusts. As noted in the New York State Assembly 1980 Judiciary Committee Bill Memorandum (Bill Jacket, L 1980, ch 503): “The Surrogate’s Courts of the State are expert in matters of fiduciary relationships and other matters relating to trusts, whether or not related to the affairs of a decedent. It would be more efficient and economical if the administration of all gratuitous trusts could be handled in one forum which had expertise in the substantive and the procedural law relating to such matters.”
In view of the above comment, it surely could not have been the Legislature’s intent to keep part of the old system by reserving for the Supreme Court, through EPTL 8-1.1 (c) (1), exclusive jurisdiction over one particular type of lifetime trust, i.e., charitable trusts having no relationship to the “affairs of decedents.”
Based upon all the foregoing, EPTL 8-1.1 (c) (2) and SCPA 1501 are construed as providing for jurisdiction in the Surrogate’s Court over lifetime charitable trusts.