OPINION OF THE COURT
George B. Ceresia, Jr., J.
On December 19, 2007 the undersigned issued an order, based upon the written consent of all parties, transferring the above matters, then pending in Albany County Supreme Court, to Albany County Surrogate’s Court. In a letter-order dated March 14, 2008 the court advised the parties that it was considering vacating the December 19, 2007 order on grounds that the Surrogate’s Court does not have subject matter jurisdiction to entertain the proceedings by virtue of the provisions of EPTL 8-1.1, since the proceedings involve living trusts established for charitable purposes. The court now addresses the issue.
It is well settled that in attempting to construe a statute the court should attempt to effectuate the intent of the Legislature (see State of New York v Patricia II., 6 NY3d 160, 162 [2006]). Ordinarily, the plain language of the statute is dispositive (see Matter of Polan v State of N.Y. Ins. Dept., 3 NY3d 54, 58 [2004]; Matter of Excellus Health Plan v Serio, 2 NY3d 166, 171 [2004]). “If the terms are clear and unambiguous, ‘ “the court should construe it so as to give effect to the plain meaning of the words used” ’ ” (Matter of Orens v Novello, 99 NY2d 180, 185 [2002], quoting Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y., 86 NY2d 198, 204 [1995], quoting Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). It is also proper to consider the legisla *881 tive history of the statute (see People v Litto, 8 NY3d 692, 697 [2007]).
EPTL 8-1.1 recites, in part, as follows:
“Disposition of property for charitable purposes “(a) No disposition of property for religious, charitable, educational or benevolent purposes, otherwise valid under the laws of this state, is invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries. If a trustee is named in the disposing instrument, legal title to the property transferred for such a purpose vests in such trustee; if no person is named as trustee, title vests in the court having jurisdiction over the trust.
“(b) No disposition of property made in a will, executed and attested as prescribed by law, is invalid by reason of the incorporation by reference in the will of any existing written resolution, declaration or deed of trust, identified in such will and made or adopted by any corporation authorized by law to execute or accept trusts, to assist, encourage and promote the well-being and well-doing of mankind in general or the inhabitants of any community in particular; provided that a copy of such resolution, declaration or deed of trust, certified, under its corporate seal, by the secretary or assistant secretary or the cashier or assistant cashier of such corporation, is filed for record in the office of the secretary of state and in the office of the clerk or register of the county of the corporation’s principal place of business, in which the conveyances of real property are required by law to be filed for record, the secretary of state and the officer in charge of such record office being hereby authorized and directed to receive and record such resolution, declaration or deed of trust upon payment of the fees provided by law. Any such testamentary disposition to a corporation for the religious, charitable, educational or benevolent purposes set forth in such resolution, declaration or deed of trust is effective although the terms, conditions and purposes of such disposition are established only through such reference in the will.
“(c) (1) The supreme court and, where the disposition is made by will, the surrogate’s court in which such will is probated have jurisdiction over disposi *882 tions referred to and authorized by paragraphs (a) and (b).”
The foregoing is derived from what has become known as the Tilden Law (L 1901, ch 291) which was enacted in response to a Court of Appeals decision (Tilden v Green, 130 NY 29 [1891]) which held that the common-law cy pres doctrine did not apply to New York charitable trusts (see Matter of Multiple Sclerosis Serv. Org. of N.Y. [New York City Ch. of Natl. Multiple Sclerosis Socy.], 68 NY2d 32, 42 [1986]). The Tilden Law was subsequently carried over into Personal Property Law § 12 and Real Property Law former § 113, predecessors to EPTL 8-1.1 (see id.).
In 1980 the State Legislature amended various provisions of the SCPA in order to grant the Surrogate’s Court jurisdiction over inter vivos trusts.[1] The following revisions to the SCPA, as relevant to the instant inquiry, were adopted (changes or additions in text are indicated by underline, deletions by strikeouts):
“[SCPA] § 104. Application of act; confirmation of previous acts
“Each provision of this act relating to the jurisdiction of the surrogate’s court over lifetime trusts or to take the proof of a will and to grant letters or appoint trustees or regulating the mode of procedure in any manner concerning the a lifetime trust or an estate of the a decedent applies unless otherwise expressly declared therein, whether the estate, if a lifetime trust, was created, or the will was made or the decedent died before or after this act takes effect . . . .”
“[SCPA 201. General jurisdiction of the surrogate’s court
“1. The court has, is granted and shall continue to be vested with all the jurisdiction conferred upon it by the Constitution of the State of New York, and all other authority and jurisdiction now or hereafter conferred upon the court by any general or special statute or provision of law, including this act.
“2. This and any grant of jurisdiction to the court shall be deemed an affirmative exercise of the legislative power under § 12 (e) of article VI of the Constitution and shall in all instances be deemed to *883 include and confer upon the court full equity jurisdiction as to any action, proceeding or other matter over which jurisdiction is or may be conferred.]
“3. The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.”
“[SCPA] § 209. Powers incidental to jurisdiction of the court
“The court has power: . . .
“4. . . . Nothi-ng-kerein-providcd shall be construed to confer jurisdiction on the court over- -i-nter-vi-ves trusts-7
“6. To determine any and all matters relating to lifetime trusts.
“7. To entertain a proceeding under EPTL 8-1.1.” (171980, ch 503, §§ 2, 3, 5.)
The foregoing amendments to the SCPA, on their face, appear to have been adopted with the intention of conferring to the Surrogate’s Court broad jurisdiction over inter vivos trusts. No express limitations on such jurisdiction were included. Moreover, and of particular significance to the court here, the revision to subdivision (7) of SCPA 209 (supra) was only to renumber it, since the substance of the subdivision (the power to entertain a proceeding under EPTL 8-1.1) had been included in the SCPA as originally enacted (see L 1966, ch 953).[2] In the court’s view, it is fair to conclude that the State Legislature, in granting power “[t]o determine any and all matters relating to lifetime trusts” (SCPA 209 [6]), intended to include the power “[t]o entertain a proceeding under EPTL 8-1.1” (SCPA 209 [7]).
The Practice Commentaries for SCPA 209 recite in part as follows:
*884 “The next four subdivisions — subdivisions 4 to 7 — are essentially repetitions, or in any event reminders, of subject matter jurisdiction conferred on the surrogate’s court by other statutes. . . . [Subdivision 6 concerns] matters relating to inter vivos trusts (see SCPA 207); and subdivision 7, proceedings for the ‘disposition of property for charitable purposes’, now governed by EPTL 8-1.1. “SCPA 201(1) itself contains a reminder that subject matter jurisdiction may be found in laws other than the SCPA. The policy of the Commission on Estates, however, was to specify in the SCPA anything that can be deemed to relate to subject matter jurisdiction, even at the risk of duplication. These four subdivisions are manifestations of that policy.
“The evolution of the surrogates’ court’s jurisdiction of inter vivos trusts, now explicitly conferred by SCPA 207 as well as SCPA 209 (6), has an active recent history. Initially, the SCPA conferred jurisdiction of the testamentary trust but not the inter vivos, or ‘lifetime’, trust, of which jurisdiction was to be lodged exclusively in the supreme court. There was a chipping away at the line of separation, however. Often a testamentary trust was related to or even a continuation of one created during the settlor’s lifetime, and insistence on barring the surrogate from overseeing the inter vivos segment of the trust in that situation was economically unsound as well as legally awkward. For that reason, case law began to hold in favor of the surrogates’ powers to oversee inter vivos trusts in diverse situations. SCPA 209(6) was added in 1980 and expressly granted the surrogate’s court jurisdiction over lifetime trusts concurrent with the supreme court. See the Commentary on SCPA 201. The more elaborate provision on the subject today is SCPA 207, part of a 1984 amendment.” (Siegel and Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 209, at 181.)
In 1984 the State Legislature made changes to the SCPA (specifically SCPA 205, 206, 207) so that the jurisdiction over estates of decedents and inter vivos trusts would be statewide. A new SCPA 207 entitled “Lifetime trusts; jurisdiction and venue” was adopted (see L 1984, ch 128, § 1). Said section recites in pertinent part as follows:
*885 “1. The surrogate’s court of any county has jurisdiction over the estate of any lifetime trust which has assets in the state, or of which the grantor was a domiciliary of the state at the time of the commencement of a proceeding concerning the trust, or of which a trustee then acting resides in the state or, if other than a natural person, has its principal office in the state.”
In Matter of Witherill (306 AD2d 674, 674 [3d Dept 2003]) the Appellate Division, Third Department, stated,
“SCPA 207 (1) and 209 (6), which are contained in SCPA article 2, entitled ‘Jurisdiction and Powers,’ expressly confer statewide subject matter jurisdiction over lifetime trusts in the Surrogate’s Courts where the trust assets are in this state, the grantor was a New York domiciliary when the proceeding was commenced, or a trustee resides here.”
The court found that the Surrogate’s Court did not have subject matter jurisdiction over three inter vivos charitable remainder trusts, because the deceased grantor was not a New York domiciliary, no trustee resided in New York, and the trust assets were not located in New York. Of particular note here, however, while the court was aware that the trusts were charitable remainder trusts, the court clearly implied that there would have been subject matter jurisdiction had any of the foregoing jurisdictional predicates been satisfied.
Lastly, SCPA 1509 recites as follows:
“§ 1509. Power over lifetime trusts “Except to the extent inconsistent with other provisions of this act, the surrogate having jurisdiction of a lifetime trust shall have such power over the lifetime trust and its trustee as a justice of the supreme court having jurisdiction over the trust would have.”
The purpose of this provision has been said “to make it clear that the [Surrogate’s C]ourt has the same jurisdiction and power as the Supreme Court has over lifetime trusts and trustees.” (Turano, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1509, at 572; see also Barnosky, NY CLS, Book 32A, part 1, SCPA 1509, Analysis, at 318 [2008] [“SCPA 1509 confirms that if the Surrogate has jurisdiction over a lifetime trust, its power over the trust and its trustee is the same as the Supreme Court’s”].)
As pointed out by Surrogate Roth in Matter of Harmon (181 Misc 2d 924 [Sur Ct, NY County 1999]), where two statutes are *886 in irreconcilable conflict with each other the later prevails (Harmon at 926, citing McKinney’s Cons Laws of NY, Book 1, Statutes § 398). Under all of the circumstances, it is the court’s view that the legislative intent of the foregoing provisions of the SCPA was to confer upon the Surrogate’s Court subject matter jurisdiction over inter vivos trusts to the very same extent as that enjoyed by Supreme Court. Thus, the provisions of EPTL 8-1.1, to the extent that they may be in conflict with the provisions of the SCPA (supra), must by implication be deemed to have been repealed. The court concludes that the Surrogate’s Court possesses subject matter jurisdiction over the above proceedings, and that it need not vacate its order dated December 19, 2007.[3]

. A review of the Bill Jacket of the Laws of 1980 (ch 503), including comments made by the Temporary State Commission on the Modernization, Revision and Simplication of the Law of Estates (known as the Bennett Commission) and the Memorandum of the New York State Assembly, corroborates this purpose.

. The power of the Surrogate’s Court to entertain proceedings under EPTL 8-1.1 under former SCPA 209, however, was confined to decedent’s estates.

. See also Matter of Kramer (20 Misc 3d 383 [Sur Ct, Nassau County 2008]) which holds that notwithstanding the provisions of EPTL 8-1.1, the Surrogate’s Court possesses jurisdiction to determine a cy pres issue arising from an inter vivos trust.