In the Matter of the Accounting of Leo G. Boles, as Executor of Elsie K. Springer, Deceased.

Surrogate's Court, Otsego County, February 24, 1947.

*William T. Welden* for petitioner.

*Theodore P. Fuery,* special guardian for Karla J. Springer and others, infants.

LATHAM, S. This is a proceeding for judicial settlement of the accounts of the executor. In order to properly direct distribution, it is necessary to construe the second and third paragraphs of the will.

After directing payment of debts and funeral expenses, testatrix disposes of her entire estate as follows: '' Second: I direct that my Executor hereinafter named sell my real estate as soon after my death as possible with my son, George, to have the first option to purchase within a reasonable time not to exceed three months, the proceeds of sale of said property to be placed in trust, however, and paid unto my six grandchildren, share and share alike, when they each reach the age of eighteen years, and if one should die before reaching that age the others should share equally.

'' Third: That the residue and remainder of my property is to be divided equally between my six grandchildren, the children of my sons David Springer and George Springer, share and share alike in trust as above set forth.'' The remaining part of the will designates a brother-in-law of the testatrix as executor and trustee. The testatrix left her surviving two sons and the respondent grandchildren, all of the grandchildren being infants at the time her deathbed will was executed and also at the time of her decease.

There appears to be two possible constructions of the provisions of the second paragraph, which in my opinion controls the provisions of the third paragraph as to the disposition of the property other than the proceeds of the real estate. It has been urged that section 93 of the Real Property Law when applied to the will in question results in a mere naked trust which should be interpreted as estates vesting in the grandchildren to be divested in event of their death before arriving at the age of eighteen years, with the resulting multiplicity of life estates, some of which would lapse in event of multiple deaths of the grandchildren. I am not in accord with this interpretation due to the fact that it appears to me to be the obvious intention of the testatrix that her infant grandchildren should not enjoy either the income or principal of the fund until their several arrivals at the age of eighteen years. It also appears that the testatrix intended the property should be held by a person other than the beneficiary, and the fact that it was a deathbed will indicates that she intended the trust should take effect during the period before her grandchildren arrived at the age of eighteen years.

I therefore hold that the provisions above quoted create trusts

for each of the grandchildren, the property to be held by the trustee and the income thereof to accumulate until the grandchildren arrive at the age of eighteen years, at which time the principal and accumulated income shall be paid to the grandchildren, which of necessity means to their guardians appointed at that time. There is authority for such an interpretation in cases where the beneficiaries are infants. (*Matter of Balsamo,* 136 Misc. 113.) This holding violates none of the provisions of section 61 of the Real Property Law or the corresponding section 16 of the Personal Property Law in relation to directions for accumulations of income, since the accumulations commence at the creation of the trust or at a subsequent time within the time limited for the vesting of future estates, and they terminate during the minorities of the infants for whose benefit they are directed.

As to the remainders in event of the death of the infant grandchildren before arriving at the age of eighteen years, a more difficult problem is created. To place an interpretation upon the second paragraph that in event of the death of one or more of the grandchildren the remaining grandchildren would take the property held in trust with the provisions for accumulation on arrival at the age of eighteen years, might result in accumulations for the benefit of persons beyond their minority and thus violate the third requirement under the sections of the Real and Personal Property Laws above quoted. There is also no definite direction in relation to the remainders requiring them to be held in trust and no direction that possession shall be in the trustee. I therefore believe under the presumption against invalidity and presumption against intestacy, which would ensue were the remainders to be held as continued trusts with accumulations, that the direction that " if one should die before reaching that age the others should share equally " gives a vested remainder in fee in the corpus and accumulated income of any of the beneficiaries who dies before reaching the age of eighteen years.

The special guardian has objected to the failure of the executor to proceed with collection of two promissory notes set forth in the account as uncollected. Since the trustee and executor are the same person and in order to prevent delay in distribution of the fund and setting up of the trust, I direct that the executor turn over said notes to himself as trustee, upon properly qualifying, and proceed with all diligence to collect the same.

While each of the trusts set up by the will is separate, the fund is not sufficiently large to warrant separate investment of the corpus, and the trustee is authorized to invest the fund in solido for the purpose of investment only.

Submit decree accordingly.