OPINION OF THE COURT
Renee R. Roth, S.
As an incident to their intermediate accounts, the trustees request the court to authorize the consolidation of their trusts.
There is nothing novel in such a request when authorization for consolidation (or administration in solido) is sought for trusts created by the same testator or settlor. But in this case the trustees request consolidation of separate trusts created by *764 different testators who died on different dates. No statutory authority for such consolidation exists. Nor is there any precedent in the reported decisions of the courts of this State. The trusts in question were created by Harriet and Mortimer Marcus (husband and wife) under wills executed almost contemporaneously in 1973. Both testators created separate trusts for the life-income benefit of each of their three children and made provision for the disposition of the remainder of the trusts. The directions in both wills with respect to administration and distribution of the trusts are identical to the last detail as is the nomination of the trustees.
Mortimer Marcus died in 1978. After his will was admitted to probate by this court, three trusts were funded, one for each of his children, Jules, Wayne and Suzanne.
Three years later, in 1981, Mrs. Marcus died. Under her will also admitted to probate in this court, she made identical provisions for three trusts, one each for Jules, Wayne and Suzanne and appointed the same trustees.
Thus, there were two trusts each for the benefit of Jules, Wayne and Suzanne until 1987 when Jules died. Under the terms of the will of both his parents, each of Jules’ two trusts was continued in further trust for his issue, Lynn, Glenn and Steve. As a result, at present, the accounting trustees are administering 10 trusts, 2 each for children Wayne and Suzanne and 2 each for grandchildren Lynn, Glenn and Steve.
The petitioning trustees ask this court to authorize instead five trusts, one each for Wayne, Suzanne, Lynn, Glenn and Steve. To that end, petitioners request the court to direct the transfer of the assets from the trusts under Harriet’s will to the trusts under Mortimer’s will.
As noted earlier, no statutory or decisional authority exists in this State for such consolidation. This was also true of other jurisdictions until the last decade when Pennsylvania, California and Washington enacted statutes authorizing consolidation of trusts created by different persons at different times provided that they have substantially similar provisions and consolidation would facilitate administration of the trusts and is not inconsistent with the intent of the creator (20 Pa Cons Stat § 7192 [1980]; Cal Prob Code § 15411 [1986]; Washington Rev Code § 11.98.080 [1984]).
In this State, EPTL 11-1.1 (b) (18) authorizes the administration of two or more trusts in solido by the same trustee provided that the trusts are "created by the same instrument” *765 (see also, Matter of Ryan, 291 NY 376; Matter of Union Trust Co. [Hoffman], 219 NY 514; Matter of Springer, 188 Misc 619). In stated circumstances, trust companies are permitted to administer multiple trusts in solido (Banking Law § 100). But as discussed above, petitioners’ request goes beyond administration in solido of separate trusts which will retain their own identity. Petitioners seek to consolidate two trusts into a single one with a single account and one tax return. There is no question that trustees are authorized by statute (EPTL 11-1.1 [b] [1]) to accept additions to existing trusts from sources other than the estate of the decedent or the settlor of the trusts. But do trustees violate their fiduciary duty not to commingle funds when they transfer trusts funds to a trust created by another testator? Since this rule is intended to protect the trust beneficiaries from misappropriation or misuse of trust funds, it would not be violated where the court authorized consolidation of two identical trusts into one.
There is nothing in the law of this State that specifically prohibits consolidation of separate but identical trusts. The principle of indestructibility of trusts (see, Lent v Howard, 89 NY 169) would not be violated since such consolidation would merely combine trusts and not terminate them.
The consolidation of the separate trusts is in accord with the intention of the settlors, which is the controlling factor in the construction of trusts (Matter of Balsam, 58 Misc 2d 672; Matter of Fosdick, 4 Misc 2d 1003, affd 3 AD2d 1000, lv denied 4 AD2d 833, affd 4 NY2d 646; 90 CJS, Trusts, § 162). Indeed, because of the identical disposition of their estates, had Harriet’s will been executed after her husband’s death, it is not unreasonable to infer that it would have contained a pour over into the trusts established by Mortimer for their children or, at least, that is what she would have intended, had she thought about the matter (2A Scott, Trusts §§ 164,167, at 260, 287). The question of intent may also be considered from another perspective, namely, whether, under the circumstances, Harriet who was the last to die intended to create new trusts or to add to the existing trusts.
Both Mortimer’s and Harriet’s wills contain an identical provision granting their trustees "full power to do everything in administering * * * the trusts that they deem advisable without prior court authority”. Although not precisely on point, the provisions evidence an intent by the testators to confer extraordinary powers upon their trustees. The petitioning trustees request consolidation because separate trusts are *766 more expensive with respect to the costs of administration and less practical with respect to investments. Where all the beneficiaries and the governing provisions are identical and the trustees are the same, it is reasonable to conclude that the testators intended to combine multiple trusts for each beneficiary in order to facilitate trust administration.
Based upon all the foregoing, pursuant to its authority to allow a "fiduciary to exercise any other power which in the judgment of the court is necessary for the proper administration of the * * * trust” (EPTL 11-1.1 [c]), this court concludes that the consolidation of the separate trusts into one for each beneficiary is within the implied intent of both testators and will facilitate the proper administration of the trusts.
The petitioning trustees are authorized to consolidate the trusts by pouring over the funds of the trusts created under Harriet’s will into the identical trusts created under Mortimer’s will.
The incidental relief requested in the amended petition is granted.