*116 OPINION OF THE COURT
Renee R. Roth, S.
Petitioner, Marion Asch, the trustee and income beneficiary of five modest trusts, requests permission to consolidate all the trusts in order to simplify administration and reduce expenses.
This proceeding is brought in the estate of petitioner’s mother, Sarah H. Mednick, who died in 1959.
Four of the trusts are inter vivas trusts, created on the same date, December 28, 1948, two by Mrs. Mednick and one each by petitioner and her brother, Henry. The fifth trust is a testamentary trust created under Mrs. Mednick’s will.
By virtue of the sequence of death among Mrs. Mednick’s four children, identical provisions now govern all five trusts. Marion Asch, as survivor, is the sole income beneficiary as well as the sole trustee of each of the five trusts. Upon Mrs. Asch’s death, the remainder interest of each trust is payable to her descendants, per stirpes, and, if none, to the descendants of her deceased brother, Henry.
The dispositive provisions of all five trusts are the same. An earlier difference has been eliminated by petitioner’s release of a limited power of appointment she had possessed over two of the trusts.
This court, as well as other courts, has permitted consolidation of various testamentary trusts where the provisions were substantially the same (Matter of Marcus, 146 Misc 2d 763; Estate of Arno, NYLJ, Apr. 22, 1991, at 31, col 6; Estate of Petschek, NYLJ, July 18, 1990, at 19, col 2).
But no court, it appears, as yet has permitted consolidation of inter vivas (lifetime) trusts with a testamentary trust.
Although the Surrogate’s Courts now have jurisdiction over lifetime trusts (see, SCPA 209 [6]; 1501; also, SCPA 103 [31]; 207), as well as testamentary trusts, there are substantive and procedural differences in the laws governing both trusts. For example, the limitations on the powers and immunities of testamentary trustees under EPTL 11-1.7 do not apply to inter vivas trustees. Although the measuring period for purposes of the rule against perpetuities starts at the date of the creation of an inter vivas trust, it runs from the date of death in the case of a testamentary trust. Even though named in a will, a testamentary trustee nonetheless must be appointed by the court and issued letters of trusteeship. Such letters may be *117 granted only if the trustee is eligible under the criteria of SCPA 707 and 711. None of these conditions of eligibility applies to the inter vivas trustee who is simply named in the trust agreement which he or she usually signs. The basis of this court’s jurisdiction is also different for these two types of trusts. Jurisdiction over testamentary trusts generally results, as in this case, from the probate of decedent’s will in the court. Jurisdiction over inter vivas trusts, on the other hand, is conferred by SCPA 207 when the trust assets are in this State, the grantor is currently a New York domiciliary or a trustee resides here.
Despite the above-mentioned, and other, differences, nothing in the law appears to this court to bar a consolidation of lifetime trusts with a testamentary trust if such consolidation eases the burden of administration and reduces the cost thereof, provided that the substantive and procedural laws governing the administration of testamentary trusts shall hereafter apply to this consolidated trust. All of the presumptive remaindermen having consented, the five trusts may be consolidated.
Petitioner has requested that her daughter, Ellen Meyer, be appointed to serve as cotrustee. Since petitioner is the sole trustee of these trusts, as well as the sole income beneficiary, such appointment is essential. A consent and designation from both petitioner and her daughter shall be submitted to the court and letters of trusteeship shall thereafter issue for this consolidated trust.