OPINION OF THE COURT
Renee R. Roth, S.
Incident to their applications seeking permission to resign, the trustees of four separate trusts established under the wills of Ira M. Younker and his wife, Rose Marie Younker, request confirmation of the fiduciaries’ authority to delegate investment powers and permission to consolidate the trusts.
Mr. Younker died in 1966 survived by Rose Marie, their son Herman (an adjudicated incompetent) and their daughter, Janet Y. Willen. Mrs. Younker died in 1980 survived by the two children.
Under their wills, the Younkers established two trusts, one for the life income benefit of Herman, and the other for the life income benefit of Janet. Upon Herman’s death in 1989, without issue, Janet became the sole income beneficiary of all four trusts with remainder upon her death to her issue, or in the absence of issue, to various charitable causes. Bankers Trust Company is the sole surviving trustee of the trusts under Mr. Younker’s will and the cotrustee of the trusts under Mrs. Younker’s will. The four trusts, funded unequally, aggregate approximately $3.7 million.
Bankers seeks to resign because of disagreements with the income beneficiary and her family over investment and administration decisions, and its refusal to delegate its investment function to the family’s longtime investment advisor. Chase Manhattan Bank has agreed to act as a "directed trustee” and delegate its investment function as requested by the family, charging only a custody account fee of approximately .225% rather than "reasonable compensation” of more than 1%.
*298 Although the court must respect the testator’s selection of a fiduciary (Matter of Duke, 87 NY2d 465; Matter of Leland, 219 NY 387; Matter of Foss, 282 App Div 509), replacement of one corporate trustee with another many years after the testator’s death is unlikely to frustrate a testator’s intent. In the instant case, one of the testators died 30 years ago, the other 17 years ago, and one of the complaints is that there is no longer a personal relationship with anyone at Bankers. Accordingly, the request by Bankers Trust Company to resign is granted, as is the request for the appointment of Chase as successor trustee. Sufficient reason appearing in the papers, the resignation and appointment requests with respect to the individual trustees are also granted.
We now consider the question of delegation of investment authority by a fiduciary. Although the law concerning investment powers in New York has continuously evolved since it was first addressed over 100 years ago (King v Talbot, 40 NY 76), the law regarding delegation of such powers has not been changed. For many years, delegation was prohibited by statute (EPTL 11-2.2 [a] [1]) unless expressly authorized by the governing instrument (see, Matter of Ridings, 297 NY 417; Matter of Junkersfeld, 150 Misc 436, revd on other grounds 244 App Div 260). The Legislature altered this long-standing proscription in the recently enacted Prudent Investor Act (EPTL 11-2.3), which effects sweeping changes in fiduciary investment responsibility.
Under the Act (which applies to any investment made or held by a trustee on or after January 1, 1995), a trustee may delegate investment and management functions, if in exercising such authority, the trustee uses care, skill and caution in: (1) selecting a suitable delegee, taking into consideration the nature and value of the trust assets and the expertise of the delegee; (2) establishing the scope and terms of the delegation so that it is consistent with the governing instrument; (3) monitoring the delegee’s activities; and (4) controlling the over-all cost of the delegation.
These requirements impose on the fiduciary a responsibility to exercise reasonable care in connection with the delegation, and thus ensure that delegation will not compromise the protection historically afforded to trust beneficiaries of this State (see, EPTL 11-2.3 [c] [2]). The Act, however, does not sanction delegation in every case or without restriction. For example, it recognizes that a governing instrument may expressly prohibit delegation (see, EPTL 11-2.3 [a] [prudent in *299 vestor standard yields to express provisions of governing instrument]). Furthermore, any delegation must be consistent with the duty to exercise skill, including special investment skills (EPTL 11-2.3 [b] [4] [C]).
In this case, the wills specifically authorize the trustees to employ various agents to advise on, inter alia, investments and also permit the trustees to "delegate discretionary powers”. Thus, the only question presented here is whether the proposed delegation is authorized under the new law and is consistent with the duty of a corporate fiduciary.
It is observed that the principal reason cited by banks and trust companies for their selection as trustee, rather than an individual, is their superior investment skill (EPTL 11-2.3 [b] [5]). In recognition of this skill, the law governing compensation of corporate trustees was amended in 1984 (L 1984, ch 936, § 8) to except them from the statutory commission schedule governing individual trustees and instead permit "reasonable compensation” (SCPA 2312 [2]).
Thus, as a general rule, a corporate fiduciary would not delegate its investment authority because the cost of such delegation would affect its own compensation (SCPA 2114; see, SCPA 2115). There are, however, instances where such delegation may be appropriate. For example, the Advisory Committee to the Legislature on EPTL and SCPA anticipated that foreign securities or venture capital investments not within the expertise of a corporate fiduciary may be proper areas of delegation (see, 3d Report of Advisory Comm on EPTL and SCPA, Mar. 22, 1993).
Although the cost-effective delegation to a family financial advisor proposed here at the request of the income beneficiary and approved by the trustee was not specifically anticipated by the statute, such delegation nonetheless is not expressly prohibited. In view of the trustee’s continuing oversight obligation (EPTL 11-2.3 [c]), delegation would be consistent with the spirit of the Act, as well as with the intent of both testators as expressed in their wills and is, therefore, authorized. This conclusion is buttressed by recent legislative authorization of investment delegation by corporate fiduciaries in the context of common trust funds (Banking Law § 100-c [1], as amended by L 1997, ch 250 [permitting banks to invest common trust funds in mutual funds]).
Finally, we turn to the request to consolidate the four trusts under decedents’ wills for the purpose of facilitating administration and reducing expenses. Although consolidation has *300 been permitted where the trustees, the beneficiaries and the governing provisions are identical (Matter of Marcus, 146 Misc 2d 763), such is not the case with the Younker wills.
Here, the two sets of trusts, though similar, differ in several significant respects, including the designation of contingent remaindermen, the provisions for discretionary invasions for decedents’ granddaughter, and the designated age of majority. Parenthetically, it is observed that Mrs. Younker, who executed her will more than 12 years after her husband’s death, could have achieved the result sought here, if she so desired, by directing that her estate pour into the continuing trusts under her husband’s will. She, in fact, did give such a direction with respect to the corpus of a trust over which she had a power of appointment, thus suggesting that she considered and rejected that possibility. Based upon the foregoing, petitioners’ request to consolidate the four trusts is denied. Petitioners are, however, authorized to consolidate the two separate but identical trusts under each will.