■ In the Matter of the Estate of DOROTHY C. WITHERILL, Deceased. CENTRAL NEW YORK COMMUNITY FOUNDATION, INC., Respondent; ESTATE OF DOROTHY C. WITHERILL, Deceased, et al., as Cotrustees of the DOROTHY C. WITHERILL CHARITABLE REMAINDER TRUST, Appellants. (And Two Other Related Proceedings.) [761 NYS2d 698] —Rose, J. Appeal from an order of the Surrogate's Court of Madison County (McDermott, S.), entered April 26, 2002, which held that the court has subject matter jurisdiction over three trusts.

In 1995, Dorothy Witherill established three charitable remainder trusts. Upon her death, respondent E. Tefft Barker (hereinafter respondent) became the sole trustee of two of the trusts and cotrustee of the third with respondent Bessemer Trust Company (hereinafter Bessemer). Petitioner, the charitable remainder beneficiary under each trust, then applied to Surrogate's Court for intermediate accountings. Respondent objected, arguing that Surrogate's Court lacks subject matter jurisdiction because there are no assets of the trusts in New York, Witherill was not a New York domiciliary when this proceeding was commenced, and no trustee resides in New York (*see* SCPA 207 [1]). Without disputing the absence of any of these SCPA 207 (1) predicates here, Surrogate's Court nevertheless inferred a broader grant of concurrent jurisdiction over lifetime trusts from the reference to the jurisdiction of Supreme Court in SCPA 1501 (1) (c). We reverse.

SCPA 207 (1) and 209 (6), which are contained in SCPA article 2, entitled "Jurisdiction and Powers," expressly confer statewide subject matter jurisdiction over lifetime trusts on the Surrogate's Courts where the trust assets are in this state, the grantor was a New York domiciliary when the proceeding was commenced, or a trustee resides here. SCPA 1501, on the

other hand, is contained in SCPA article 15, entitled "Trusts and Trustees," and, by its terms, merely applies the provisions of the SCPA to the types of trusts listed therein. While SCPA 1501 (1) (c) describes the lifetime trusts to which the SCPA applies as those "of which the supreme court would also have jurisdiction," it confers no subject matter jurisdiction. Nor has petitioner cited any case where Supreme Court exercised jurisdiction over a lifetime trust in the absence of every jurisdictional predicate listed in SCPA 207 (1) (*compare Matter of Saddy,* 129 NYS2d 163, 166 [1954]). Further, petitioner's reliance on the presence of the grantor's estate in New York is misplaced because the trusts here are lifetime, rather than testamentary, trusts. In such a case, "the basis for jurisdiction * * * evaporates with the death of the grantor as the grantor has no domicile after death" (*Matter of Dickinson,* NYLJ, Nov. 24, 1998, at 30, col 6 [Radigan, S.]).

Finally, we cannot agree with petitioner's contention that SCPA 207 (1) relates solely to venue, for its first sentence speaks of jurisdiction and mirrors SCPA former 206, which, before its repeal (*see* L 1984, ch 128), conferred county-wide jurisdiction over trusts where one or more of the listed predicates applied. Accordingly, we conclude that SCPA 207 restricts the subject matter jurisdiction of Surrogate's Court to lifetime trusts that meet one or more of the requirements stated in the first sentence of SCPA 207 (1). As none of these is present here, Surrogate's Court erred in exercising jurisdiction.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petitions dismissed.