In the Matter of DANIEL MOROS, Appellant, v DVORAH BETH COHEN, Respondent. [783 NYS2d 314]—

In a proceeding, inter alia, for an accounting, the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated January 19, 2004, as denied his motion to transfer venue of the proceeding from Westchester County to Queens County and to disqualify counsel for the respondent.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the petitioner personally.

The Surrogate's Court properly denied the petitioner's motion pursuant to CPLR 510 (3) to transfer venue of this proceeding from Westchester County to Queens County. As the subject of the proceeding is two inter vivos trusts, venue was properly

placed in Westchester County since the assets of the trusts are located there, and the trustee resides in Westchester County (*see* SCPA 207 [1]). Further, SCPA 207 (2) requires the court to retain jurisdiction where the proceeding is first commenced with proper venue, as it was here. The petitioner did not establish his entitlement to a transfer of venue based on the convenience of material, nonparty witnesses (*see O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]).

The petitioner's remaining contentions are without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.