■ In the Matter of the Trust Made by ERLAND A. JENSEN and Another. THOMAS E. JENSEN et al., Appellants; ANNE M. JENSEN, as Trustee of the Trust Made by ERLAND A. JENSEN et al., Respondent. [835 NYS2d 497]—

Rose, J. Appeal from an order of the Supreme Court (LaBuda, J.), entered January 13, 2006 in Sullivan County, which, in a proceeding pursuant to CPLR article 77, dismissed the petition.

The Jensen Revocable Trust, expressly governed by the laws of Florida, was executed by Erland A. Jensen and Eleanor M. Jensen in 1999 and named respondent, their daughter, as a beneficiary and successor trustee. Following Eleanor Jensen's death in 2004—her husband had predeceased her—all of her estate's assets were transferred to the trust pursuant to her will. In 2005, petitioners, who are respondent's siblings and also beneficiaries of the trust, commenced this proceeding by order to show cause seeking to compel an accounting and distribution of the trust's assets. Supreme Court dismissed the application for lack of personal and subject matter jurisdiction, prompting this appeal by petitioners.

Inasmuch as the record reflects that the trust has an asset in New York State and respondent resides in Sullivan County, we cannot agree with Supreme Court's determination regarding subject matter jurisdiction. Those contacts with New York State satisfy two different jurisdictional predicates listed in SCPA 207 (1) and, thus, would confer jurisdiction upon Surrogate's Court. As a court of general jurisdiction, Supreme Court has at least as much jurisdiction of a lifetime trust as would Surrogate's Court (*see* NY Const, art VI, § 7 [a]; *Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *compare Matter of Witherill*, 306 AD2d 674, 675 [2003]). Since respondent has consented to

personal jurisdiction,* we now reverse and remit the matter to Supreme Court for a determination on the merits.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

* Although respondent's submission purports to also include her consent to Supreme Court's subject matter jurisdiction, we note that a determination as to the presence of such jurisdiction is a judicial matter (see Matter of Fry v Village of Tarrytown, supra at 718).