In the Matter of the Compulsory Accounting of the Lifetime Trust of JOSEPH SROZENSKI, Deceased. SUSAN PORCELLI, Respondent; BARBARA SROZENSKI, Respondent; ROBERT SROZENSKI, Respondent-Appellant. [910 NYS2d 804]—

Appeal from an order of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered November 18, 2008. The order settled the account of a lifetime trust.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the surcharge against respondent for attorney's fees and as modified the order is affirmed without costs.

Memorandum: Surrogate's Court properly concluded that it has subject matter jurisdiction in this proceeding seeking an accounting of the lifetime trust created for the benefit of petitioner Barbara Srozenski (beneficiary). Although the trust instrument provided that "[t]his trust instrument and any trust created hereunder shall be governed by the law of the State of New Jersey," the Surrogate has jurisdiction over the lifetime trust by virtue of the fact that Robert Srozenski (respondent), the "trustee then acting," resides in Monroe County (SCPA 207 [1]; see generally Matter of Jensen, 39 AD3d 1136 [2007]). Contrary to respondent's contention, both the beneficiary and petitioner Susan Porcelli, the successor trustee of the lifetime trust, have standing to compel an accounting (see SCPA 2205 [2] [b], [g]; Matter of Hunter, 4 NY3d 260, 267-268 [2005]). Also contrary to the contention of respondent, the New Jersey Prudent Investor Act applies to his actions as trustee occurring after June 5, 1997, despite the fact that the trust was created before its enactment (see NJ Stat Ann § 3B:20-11.12). We agree with respondent, however, that New Jersey law does not authorize the surcharge against him for attorney's fees (see generally In re Estate of Vayda, 184 NJ 115, 120-124, 875 A2d 925, 928-931 [2005]), and we therefore modify the order accordingly. We have considered the remaining issues raised by respondent and conclude that none warrants further modification of the order,

nor do the remaining issues warrant reversal. Present— Martoche, J.P., Sconiers, Green and Pine, JJ.