■ PETER WAGENSTEIN, as Trustee, Appellant, v ELLEN SHWARTS, as Trustee and Voluntary Administrator of the Estate of SOPHIE WAGENSTEIN, Deceased, Respondent. ELLEN SHWARTS, as Trustee and Voluntary Administrator of the Estate of SOPHIE WAGENSTEIN, Deceased, Third-Party Plaintiff-Respondent, v PETER WAGENSTEIN, as Trustee, Third-Party Defendant-Appellant. [920 NYS2d 55]—

This is an appeal from the IAS court's refusal to vacate a prior order transferring this action, pursuant to SCPA 207, to the Surrogate's Court. The sole issue on the appeal is whether the Surrogate's Court has subject matter jurisdiction over this dispute concerning a lifetime trust established by the decedent. We agree with defendant that the Surrogate's Court has jurisdiction over the dispute.

Plaintiff Peter Wagenstein and his sister, defendant Ellen Shwarts, are the sole children of decedent Sophie Wagenstein. On June 30, 1992, Sophie Wagenstein, as grantor, created an inter vivos trust for the benefit of her two children. The trust's assets consisted principally of decedent's condominium at 155 West 68th Street and a Wachovia securities account valued at approximately $431,000. The trust instrument granted decedent a life estate in the trust income, and provided that upon her death the trust would terminate and the trustees assign, transfer and pay over the then principal and accrued income in equal shares, per stirpes, to Peter and Ellen. Peter and Ellen were the sole beneficiaries and cotrustees of the trust.

On September 25, 2000, Sophie Wagenstein executed a will leaving all her remaining real and personal property to her children. Sophie Wagenstein died on November 5, 2004. On or about October 6, 2005, Ellen obtained voluntary letters of administration. On or about November 18, 2005, Peter commenced an action in Supreme Court seeking partition of his mother's apartment, or, in the alternative, a sale of the property and division of the proceeds.

Ellen answered and interposed counterclaims for declaratory relief, specific performance of an alleged agreement regarding distribution of the trust's assets, imposition of a constructive trust, and specific performance of an alleged oral agreement to convey the condominium to Ellen.

By order to show cause dated June 2006, Ellen moved, pursuant to CPLR 325 (e), to transfer the partition action to the Surrogate's Court, asserting that the action was intertwined with issues relevant to the administration of decedent's estate. Ellen

noted that in his objections to her petition for letters testamentary, Peter had accused her of failing to disclose or identify certain assets, including trust assets, and of failing to provide an inventory of decedent's assets, both probate and non-probate, asking the surrogate to "protect[ ] his 50% beneficial interest in the estate," including his interest in the apartment. By order dated August 4, 2006, the partition action was transferred, on consent, to the Surrogate's Court.

On March 15, 2009, almost 2½ years later, Peter, with new counsel, moved by order to show cause in the Supreme Court for an order vacating the transfer and retransferring the case to Supreme Court, asserting that the Surrogate's Court lacked subject matter jurisdiction over the dispute concerning distribution of the assets of the lifetime trust. The IAS court denied the motion, ruling that the Surrogate's Court had jurisdiction over the dispute pursuant to SCPA 207. We agree.

The State Constitution imbues the Surrogate's Court with jurisdiction "over all actions and proceedings relating to the affairs of decedents, . . . [and] administration of estates and actions and proceedings arising thereunder . . . and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law." (NY Const, art VI, § 12 [d].) SCPA 201 (3) provides: "3. The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

In *Matter of Piccione* (57 NY2d 278 [1982]), the Court of Appeals explicitly rejected a narrow reading of the jurisdiction of the Surrogate's Court, noting that matters "relating to" the affairs of decedents were subject to the jurisdiction of the Surrogate without any textual limitation, quoting with favor lower court precedent stating that "for the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the matter in controversy in no way affects the affairs of a decedent or the administration of his estate" (*id*. at 288 [internal quotation marks and citation omitted] [surrogate had jurisdiction over proceeding pursuant to RPAPL 701 brought to evict tenants so that premises could be sold, notwithstanding that Surrogate's Court was not a forum denominated in RPAPL 701]).

The Surrogate's jurisdiction over inter vivos trusts is explicitly conferred by SCPA 207 as well as SCPA 209 (6). In 1980, the definition of a trust contained in the SCPA was amended to include "a lifetime trust" (SCPA 103 [50]), and SCPA 209 [6], governing powers incidental to the jurisdiction of the Surrogate's Court, was amended to confer jurisdiction upon the Surrogate's Courts "[t]o determine any and all matters relating to lifetime trusts."*

The statute was amended again in 1984. SCPA 207, entitled "Lifetime trusts; jurisdiction and venue," confers statewide jurisdiction over inter vivos trusts: "1. The surrogate's court of any county has jurisdiction over the estate of any lifetime trust which has assets in the state, or of which the grantor was a domiciliary of the state at the time of the commencement of a proceeding concerning the trust, or of which a trustee then acting resides in the state or, if other than a natural person, has its principal office in the state" (*id.*). These amendments to the SCPA were adopted with the intention of imbuing the Surrogate's Court with broad jurisdiction over inter vivos trusts; indeed, there is no explicit limitation on the Surrogate's jurisdiction "[t]o determine any and all matters relating to lifetime trusts" (*see e.g. Matter of Srozenski*, 78 AD3d 1596 [2010] [Surrogate's Court properly concluded that it had subject matter jurisdiction in proceeding seeking accounting of lifetime trust]; *Cipo v Van Blerkom*, 28 AD3d 602 [2006]; *Matter of Asch*, 155 Misc 2d 115 [Sur Ct, NY County 1992] [granting application to consolidate testamentary and inter vivos trusts]; *see also Matter of Moros v Cohen*, 12 AD3d 372 [2004]).

The issue of whether or not Peter and Ellen entered into an agreement regarding distribution of the trust's assets, including the apartment, and the propriety of Ellen's actions with respect to decedent's assets, are matters "affecting the affairs of the decedent" and "related to the administration of the estate." Peter has alleged dishonest and fraudulent conduct with respect to

---

* Initially, the SCPA conferred jurisdiction over testamentary but not inter vivos trusts. Over the years, there was a "chipping away at the line of separation," in evident recognition of the fact that testamentary trusts are often related to or a continuation of a trust created during the settlor's lifetime, and "insistence on barring the surrogate from overseeing the inter vivos segment of the trust in that situation was economically unsound as well as legally awkward" (David D. Siegel and Patrick M. Connors, Practice Commentaries, SCPA 209). Indeed, the instant type of trust agreement, under which decedent retained the right to receive income for life, is deemed a testamentary substitute for the purposes of calculating a spouse's elective share (*see* EPTL 5-1.1-A [b] [1] [F]). The amendments to the SCPA, beginning in 1980, make clear that the Surrogate possesses jurisdiction to determine matters relating to inter vivos trusts concurrent with the jurisdiction of the Supreme Court.

decedent's assets, both probate and non-probate, including specific allegations with respect to various carrying costs associated with the apartment. The assets of the trust, including the apartment, are located in New York. The trustees, Peter and Ellen, reside in New York. It was eminently reasonable and proper for the Supreme Court to transfer the partition action to the Surrogate's Court so that all of the issues relating to the distribution of decedent's assets, including the sale or partition of the apartment and other trust assets, can be determined in one court (see Nichols v Kruger, 113 AD2d 878 [1985] [rejecting argument that dispute was between living persons and not one affecting the estate, where the contract to convey real property plaintiff sought to have declared void was made by the decedent and the wrongs alleged by plaintiff concerned the attempted conversion of the decedent's assets and partial frustration of the decedent's testamentary plan]).

Finally, we reject plaintiff's related argument that the Surrogate lacked jurisdiction to partition the res pursuant to SCPA 1901. Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.