Parker v American Assn. of Univ. Women (2020 NY Slip Op 03879)





Parker v American Assn. of Univ. Women


2020 NY Slip Op 03879


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


654069/18 -418 654490/18 11813N & 

[*1] Diana Parker, as Trustee of the Henry Rothschild Irrevocable Trust, Plaintiff-Appellant,
v The American Association of University Women, Defendant-Respondent.
Diana Parker, as Executor under the Last Will and Testament of Gertrude F. Rothschild and Trustee under the Gertrude F. Rothschild Irrevocable Trust, Plaintiff-Appellant,
v
The American Association of University Women, Defendant-Respondent.


DelBello Donnellan Weingarten Wise & Wiederkehr LLP, White Plains (Alfred E. Donnellan of counsel), for appellant.
White and Williams, New York (Eric B. Porter of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 19, 2019, which, inter alia, granted defendant's motions pursuant to CPLR 325(e) to remove index No. 654069/18 to the Surrogate's Court, Bronx County, and index No. 654490/18 to the Surrogate's Court, Westchester County, unanimously affirmed, with costs.
It was not an improvident exercise of the court's discretion (see Benjamin v Morgan Guar. Trust Co. of N.Y., 173 AD2d 373, 375 [1st Dept 1991]) to grant defendant's motions. To be sure, CPLR 325(e) says, "Where an action pending in the supreme court affects the administration of a decedent's estate which is within the jurisdiction of the surrogate's court, the supreme court. . . may remove the action to such surrogate's court." However, that statute made "no change from . . . Civil Practice Act 190(a). . . The Surrogate's Court at the time of the enactment of CPA 190 and CPLR 325 did not have jurisdiction over inter vivos trust[s]" (Estate of Bialor, 1991 NYLJ LEXIS 2153, *2 [Sur Ct, Nassau County 1991]; see also Wagenstein v Shwarts, 82 AD3d 628, 631 n [1st Dept 2011]). However, "[t]he amendments to the SCPA, beginning in 1980, make clear that the Surrogate possesses jurisdiction to determine matters relating to inter vivos trusts concurrent with the jurisdiction of the Supreme Court" (id.). Thus, we agree that CPLR 325(e) "empower[s] the Supreme Court to transfer to the Surrogate's Court any matter over which the Surrogate's Court has jurisdiction" (1991 NYLJ LEXIS 2153 at *2).
Plaintiff's claim that Surrogate's Court lacks subject-matter jurisdiction over the removed actions, which involve lifetime trusts, is unavailing (see SCPA 207[1] & 209[6]; Wagenstein, 82 AD3d at 629, 631). Similarly, since defendant moved pursuant to CPLR 325(e), plaintiff's complaint that defendant failed to comply with CPLR article 5 is unavailing. In any event, even if New York County is the proper venue, the instant actions may still proceed in Bronx County and Westchester County (see Kurfis v Shore Towers Condominium, 48 AD3d 300 [1st Dept [*2]2008]).
We decline defendant's request to impose sanctions on plaintiffs, as plaintiff's appeal is not frivolous (see 22 NYCRR 130—2.1).
We have considered plaintiff's remaining contentions and find them unavailing.
M-418 - Parker v American Assn. of Univ. Women
Motion for sanctions, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK