Wolff v Krasner (2021 NY Slip Op 04633)





Wolff v Krasner


2021 NY Slip Op 04633


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03351
 (Index No. 503129/13)

[*1]Basia Wolff, appellant, 
v
Martin P. Krasner, etc., defendant, Mitchell E. Manning, etc., respondent.


Jonathan M. Landsman, New York, NY, for appellant.
Scheichet & Davis, P.C., New York, NY (Steven E. Weiss of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 9, 2019. The order granted the motion of the defendant Mitchell E. Manning, individually and as trustee of the Phyllis Kolk Grantor Trust, Dick Manning Trust, and Dick Manning Will, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him individually and as trustee of the Dick Manning Trust and Dick Manning Will.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against Mitchell E. Manning (hereinafter the defendant), individually and as trustee of the Phyllis Kolk Grantor Trust, Dick Manning Trust, and Dick Manning Will, and another person. In an order dated January 9, 2019, the Supreme Court granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him individually and as trustee of the Dick Manning Trust and Dick Manning Will. The plaintiff appeals.
The Supreme Court properly directed dismissal of the causes of action asserted against the defendant in his capacities as trustee of the Dick Manning Trust and Dick Manning Will for lack of subject matter jurisdiction (see SCPA 1501; Matter of Witherill , 306 AD2d 674, 675; Matter of Rogers , 225 App Div 286, affd 254 NY 592). Furthermore, the court properly directed dismissal of the causes of action asserted against the defendant in his individual capacity for lack of personal jurisdiction (see CPLR 302[a]).
In light of our determination, we need not address the plaintiff's remaining contentions.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court