Matter of Chain Trust (2023 NY Slip Op 05130)

Matter of Chain Trust

2023 NY Slip Op 05130

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-02921

[*1]In the Matter of Chain Trust. Evangelia Dushas, respondent; Sotirios Dushas, appellant. (File No. 3353/18)

Elman Freiberg PLLC, New York, NY (Jay W. Freiberg and Jeremy C. Bates of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York, NY (Charles T. Scott, Jeffery H. Sheetz, Gina M. Ciociari, and Andrew J. Ryan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to SCPA 2205 to compel a trust accounting, Sotirios Dushas appeals from an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated February 5, 2020. The order denied the motion of Sotirios Dushas pursuant to CPLR 3211(a)(2) to dismiss the petition for lack of subject matter jurisdiction and directed a hearing on the cross-motion of the petitioner, Evangelia Dushas, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon Sotirios Dushas and his attorney.
ORDERED that the appeal from so much of the order as directed a hearing on the cross-motion of the petitioner, Evangelia Dushas, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon Sotirios Dushas and his attorney is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The petitioner, Evangelia Dushas (hereinafter Evangelia), commenced this proceeding pursuant to SCPA 2205 to compel Sotirios Dushas (hereinafter Sotirios) to account as successor trustee of an inter vivos trust created on October 19, 2007 (hereinafter the Chain Trust), of which Evangelia is a named beneficiary. Sotirios moved pursuant to CPLR 3211(a)(2) to dismiss the petition for lack of subject matter jurisdiction. Evangelia opposed Sotirios's motion and cross-moved pursuant to 22 NYCRR 130-1.1 to impose sanctions upon Sotirios and his attorney. By order dated February 5, 2020, the Surrogate's Court denied Sotirios's motion and directed a hearing on Evangelia's cross-motion. Sotirios appeals.
The appeal from so much of the order as directed a hearing on Evangelia's cross-motion must be dismissed because "no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion" (GMAC Mtge., LLC v Yun, 206 AD3d 796, 796; see CPLR 5701[a]; Miller v Falco, 170 AD3d 706, 707), and leave to appeal has not been granted.
"The Surrogate's Court, as a court of limited jurisdiction, may exercise only the powers conferred upon it by statute and those powers incidental, inherent or necessary to do justice in a particular case to which its jurisdiction extends" (Matter of Tarlow, 111 AD3d 751, 752 [internal quotation marks omitted]; see Matter of O'Connell, 98 AD3d 673, 674). Insofar as is pertinent to this proceeding, SCPA 207(1) confers upon the Surrogate's Court subject matter jurisdiction over the estate of any lifetime trust "of which a trustee then acting resides in the state." Residence "import[s] merely having an abode at a particular place which may be one of any number of such places at which one is, at least from time to time, physically present" (Matter of Brown, 132 Misc 2d 811, 815 [Sur Ct, Kings County]; see Yaniveth R. v LTD Realty Co., 27 NY3d 186, 193; King v Car Rentals, Inc., 29 AD3d 205, 210).
Contrary to Sotirios's contention, the record supports the determination that the Chain Trust's contacts with New York satisfied the SCPA 207(1) jurisdictional predicates necessary to confer jurisdiction upon the Surrogate's Court in this proceeding. While Sotirios represented in support of his motion that he resided in Florida, in opposition, Evangelia established that Sotirios also resided in New York within the meaning of SCPA 207(1) at the time the proceeding was commenced and during the pendency of the proceeding (see Matter of Jensen, 39 AD3d 1136).
Accordingly, the Surrogate's Court properly denied Sotirios's motion pursuant to CPLR 3211(a)(2) to dismiss the petition for lack of subject matter jurisdiction.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court