Matter of Hussein (2023 NY Slip Op 23412)

[*1]

Matter of Hussein

2023 NY Slip Op 23412

Decided on December 28, 2023

Surrogate's Court, Richmond County

Titone, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 28, 2023
Surrogate's Court, Richmond County

In the Matter of the Estate of Mothana Maher Hussein, Deceased.

File No. 2023-1479

Matthew J. Titone, S.

On December 19, 2023, petitioner filed a petition seeking "a) Acknowledgement and recognition of the Mothana Maher Hussein Living Estate Trust in equity proceedings. b) Exclusive consideration of trust matters within the inherent jurisdiction of the Mothana Maher Hussein Living Estate Trust to ensure the proper application of equitable principals and the protection of the trust's integrity. c) any other relief deemed just and equitable by the court in light of the unique nature of the trust and the matters presented herein. Recognition and consideration of the Mothana Maher Hussein Living Trust in exclusive equity proceeding."
The only alleged interested party is the petitioner himself, as alleged trustee, grantor, beneficial owner, and executor.[FN1]
 Petitioner states that notice has been given to sixteen individuals "currently occupying specific offices," however, the only names and addresses provided is the same name and address of petitioner.
Essentially, petitioner is requesting that this court validate an alleged lifetime trust, plus other non-discernible relief, without any alleged justiciable issue or contestants seeking relief contrary to the validity or execution of the purported lifetime trust.[FN2]

Pursuant to SCPA §1509, a New York State Surrogate may exercise the same jurisdiction over lifetime trusts as a justice of the Supreme Court. Jurisdiction must be obtained over the parties, or personal jurisdiction, pursuant to SCPA §201, 203, and over the proceeding, or subject matter jurisdiction, which is the power to rule on the particular proceeding. See In re O'Connell, 98 AD3d 673 (2nd Dept. 2012). 
Petitioner as alleged trustee, grantor, beneficial owner, and executor, alleges that he is a domiciliary of Richmond County, in the State of New York, and as such, he has standing to file in this court. Further, since the only apparent interested party is petitioner albeit in different roles, if accepted, personal jurisdiction could be perfected.
Nevertheless, Surrogate's Court is a court of limited jurisdiction, such jurisdiction granted only by statute. Id. at 674. The jurisdiction of the Surrogate's Court is "broad where the [*2]controversy relates to the affairs of decedents or the proceeding pertains to the administration of an estate," and the court may decide or opine on the administration of the estate, even without objection. See SCPA §2107; Storecky v. Mazzone, 85 NY2d 518 (1995) (holding that the Surrogate's Court sua sponte review of the estate and subsequent hearing was within that court's jurisdiction).
Furthermore, since the Surrogate is the court designated to protect the intent and estate of the decedent, in those proceedings where no apparent controversy exists, any "advisory" opinion is rendered as if the decedent themselves contested the issue. See Williams v. Jones, 166 NY 522 (1901). However, when the jurisdiction of the court extends over lifetime trusts, unrelated to the estate of a decedent, that jurisdiction is limited by the constitution.[FN3]
Moreover, "[t]he function of the courts is to determine controversies between litigants." In re Workmen's Compensation Fund, 224 NY 13 (1918); see also Interstate Commerce Commission v. Brimson, 154 U.S. 447, 475 (1894). Advisory opinions are not a traditional judicial function. Id. at 16.
A civil action is a justiciable issue in need of determination. Without a justiciable issue regarding the validity of the alleged trust, this court has no query to address. Consequently, the proceeding is, at its onset, not an action upon which the court would nor should opine. See CPLR §103; C.f. Matter of Chain Trust, 220 AD3d 770 (2nd Dept. 2023) (proceeding to compel trustee to account); Wagenstein v. Shwarts, 82 A.D. 628 (2nd Dept. 2011).
Opinions as to the validity of a lifetime trust are within the province of the bar of the State of New York, and the courts are charged with the determination of validity at such time as it may be questioned. Herein, there is no question posed regarding the validity of the purported trust.
Therefore, the petition dated December 19, 2023, is not entertained under SCPA §2101(1)(b), and dismissed, without prejudice.
Petitioner included a motion to seal with the filing, and such motion is denied.
Dated: December 28, 2023
_________________________________
MATTHEW J. TITONE, Surrogate

Footnotes

Footnote 1: No decedent is noted, and no probated estate is listed. The only discernible reference to an estate, appears to be the reference to petitioner's own possible estate, in the "Certification of Trust" attached to the petition under "Testamentary Trustee and Executor Role." However, since petitioner has filed the petition, he is clearly not a decedent, and his property is not the subject of a current estate.

Footnote 2: Further, petitioner titled the purported lifetime trust as an estate trust.

Footnote 3: Petitioner includes the terms "Executor" and "Estate" in his filings, yet there is no current decedent or estate file referenced. As such, the trust at issue is a lifetime trust. In re O'Connell, 98 AD3d 673 674 (2nd Dept. 2012).