Matter of Clemente
2026 NY Slip Op 03706
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Frank A. Clemente Two-Year Grantor Retained Annuity Trust. Frank A. Clemente Jr., as Successor Trustee of the Frank A. Clemente Two-Year Grantor Retained Annuity Trust, Respondent; Paul Clemente, Appellant, and Erin Clemente, as Administrator of the Estate of Robert Clemente, et al., Respondents, et al., Respondent. (And Another Related Proceeding.)

Decided and Entered:June 11, 2026
CV-23-1488
Calendar Date: April 30, 2026
Before: Pritzker, J.P., Ceresia, Fisher, Mcshan And Corcoran, JJ.

Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for Frank Clemente Jr., respondent.
Hinman Straub PC, Albany (David B. Morgen of counsel), for Erin Clemente, respondent.
Tabner, Ryan & Keniry, LLP, Albany (Eric N. Dratler of counsel), for Geri Lee Ide, respondent.

[*1]
Pritzker, J.P.
Appeal from a decree of the Surrogate's Court of Rensselaer County (Paul Morgan Jr., S.), entered August 9, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to SCPA article 22, for judicial settlement of the accounting of an inter vivos trust.
The underlying facts are more fully set forth in this Court's prior decision in this matter (224 AD3d 945 [3d Dept 2024]). As relevant here, Frank A. Clemente (hereinafter decedent) and his wife were long-time residents of Rensselaer County and had five children at the time of his death in 2016, including petitioner, David P. Clemente, Robert Clemente and Paul Clemente (hereinafter the objectant). Around 1999, decedent and his wife developed an estate plan that included, among other things, the creation of the Clemente Family Group L.P., a Georgia entity (hereinafter the FLP), and the Frank A. Clemente Two-Year Grantor Retained Annuity Trust (hereinafter the trust). The trust named decedent's five children as beneficiaries and David P. Clemente as trustee (hereinafter the trustee).
Approximately two years after decedent's death, the objectant commenced a proceeding in Surrogate's Court, Rensselaer County, pursuant to SCPA 711, 2205 and 2206 to compel the trustee to provide a final accounting of the trust's assets. In response to the court's orders directing the trustee to provide an accounting, and after procedural history not relevant here, the trustee petitioned for judicial settlement of the accounting pursuant to SCPA 2208 (3). As relevant here, the trustee alleged that Surrogate's Court had jurisdiction over the trust pursuant to SCPA 207 because the trustee was a resident of "Rensselaer County, New York" insofar as he was "temporarily residing with his mother" in the City of Troy, Rensselaer County, although his mailing address remained in Colorado.
The objectant and Robert Clemente filed objections to the accounting, with both sets of objections conceding that Surrogate's Court had jurisdiction over the trust. The objectant and Robert Clemente argued, among other things, that the trustee's accounting was inaccurate, particularly with respect to compensation the trustee received or claimed was owed to him. After discovery, the objectant moved for partial summary judgment against the trustee, seeking various forms of relief including removal of the trustee. Surrogate's Court partially granted the objectant's motion, rejected the trustee's claim that the court lacked jurisdiction over the FLP and determined that the removal of the trustee was moot because a successor trustee, petitioner, had been appointed during the pendency of the motions. The court directed that a trial would be conducted to address issues involving the trustee's compensation and execution of his fiduciary duties.
Before trial, the trustee died. Subsequently, in May 2022, an updated accounting was submitted by petitioner, who also petitioned for judicial settlement of an updated accounting [*2]of the trust from the end of the trustee's original accounting through May 2022. A trial commenced in October 2022, which culminated with the parties, including the objectant, entering a stipulation of settlement on the record. Among other things, the parties agreed that petitioner would provide an amended accounting and that additional citations would be issued to interested parties not present for the settlement negotiations, and, if those parties did not object to the newest accounting, then the parties agreed that the case would be "over." Petitioner did so, and the other interested parties subsequently consented to the accounting.
In December 2022, the objectant moved to, among other things, vacate the settlement, on the basis of fraud by the trustee that was allegedly being covered up by petitioner. Petitioner, Robert Clemente and the trustee's wife opposed, arguing, among other things, that the objectant's allegations of fraud relied on facts that either were known or should have been known by the objectant before the parties entered their stipulation. Surrogate's Court denied the objectant's motion to vacate, finding the settlement final and enforceable and rejecting the objectant's allegations of fraud. The court directed petitioner to submit a proposed decree, which was subsequently entered in August 2023. The objectant appeals from the decree.
The objectant first argues that Surrogate's Court did not have subject matter jurisdiction over this proceeding because the trust did not have any assets in New York as decedent died before the proceeding commenced and the trustee did not reside in this state. The SCPA "expressly confer[s] statewide subject matter jurisdiction over lifetime trusts on the Surrogate's Courts where the trust assets are in this state, the grantor was a New York domiciliary when the proceeding was commenced, or a trustee resides here" (Matter of Witherill, 306 AD2d 674, 674 [3d Dept 2003]; see SCPA 207 [1]; Matter of Samuel A. Garrasi and Mary H. Garrasi Irrevocable Trust dated July 31, 1991, 91 AD3d 1074, 1075 [3d Dept 2012]). While the term "resides" is not defined in the SCPA, the Court of Appeals has defined residence in other contexts as "living in a particular locality, even if a person does not intend to make that place a fixed and permanent home, i.e., a domicile," or "something more than temporary or physical presence, with some degree of permanence and an intention to remain" (Yaniveth R. v LTD Realty Co., 27 NY3d 186, 193 [2016] [internal quotation marks, brackets and citations omitted]; see Finch v Erie Ins. Co., 211 AD3d 1152, 1154 [3d Dept 2022]). Therefore, " 'although it is true that a person may have more than one residence, to consider a place as such, he [or she] must stay there for some length of time and have the bona fide intent to retain the place as a residence with at least some degree of permanency' " (Yaniveth R. v LTD Realty Co., 27 NY3d at 193 [brackets and ellipses omitted], quoting Hammerman [*3]v Louis Watch Co., 7 AD2d 817, 818 [3d Dept 1958]). Here, contrary to the objectant's contention, the record supports the determination that the trustee resided in New York in satisfaction of SCPA 207 (1) such that jurisdiction was properly conferred upon Surrogate's Court in this proceeding. Notably, the trustee's petition stated that he was "temporarily residing" in Troy, New York, and the trustee submitted an affidavit several months later averring that he "currently" resided at the same address in Troy. Although the record reflects that the trustee's domicile may have been in Colorado, it is well settled that an individual may have more than one residence, and the record establishes that the trustee also resided in New York within the meaning of SCPA 207 (1) at the time the proceeding was commenced and during its pendency (see Matter of Chain Trust, 220 AD3d 770, 771 [2d Dept 2023]).FN1
Jurisdiction was likewise properly conferred upon Surrogate's Court with respect to the proceeding commenced by petitioner. Under SCPA 2207 (3), "[o]n the death of a fiduciary while an accounting by or against him [or her] . . . is pending before the court, the court may continue the proceeding where [the] fiduciary or successor has voluntarily made himself [or herself] a party thereto . . . and proceed with the accounting and determine all questions and grant any relief which the court would have power to determine or grant in case such fiduciary had not died." Because the record establishes that Surrogate's Court had jurisdiction at the time the trustee petitioned for judicial settlement and petitioner voluntarily made himself a party to these proceedings by his appointment as successor trustee, the court retained jurisdiction after the trustee's death (see SCPA 2207 [3]; Matter of Samuel A. Garrasi and Mary H. Garrasi Irrevocable Trust dated July 31, 1991, 91 AD3d at 1075-1076).FN2
The objectant also challenges the settlement on the grounds that petitioner committed fraud by not disclosing certain payments that he had made from the trust, and by accessing certain personal accounts of the trustee to transfer funds from decedent's estate to the trustee's wife. " 'Stipulations of settlement — particularly ones entered into in open court — are judicially favored and, as such, will not be set aside absent grounds sufficient to invalidate a contract, i.e., fraud, collusion, mistake or accident' " (Rainone v Davenport, 121 AD3d 1444, 1445 [3d Dept 2014] [citations omitted], quoting Matter of McLaughlin, 97 AD3d 1051, 1052 [3d Dept 2012]). Further, a stipulation of settlement will not be set aside where the party claiming fraud had access to the relevant proof at the time it entered the stipulation, but failed to exercise due diligence (see Myristica, LLC v Camp Myristica, Ltd., 201 AD3d 1078, 1081 [3d Dept 2022]). Here, the objectant's own attorney affirmation in support of his motion to vacate readily acknowledges suspicions about petitioner's fraudulent transfer of [*4]funds before the parties entered their open court stipulation. An additional attorney affirmation from an attorney the objectant retained in Colorado averred that the financial documents suggesting potential fraud were provided to "all parties in the [New York] action" in October 2022 — one week before the parties entered their stipulation of settlement on the record. Furthermore, transcripts from said settlement reflect that the objectant responded in the affirmative when asked whether he understood that the settlement was final and not subject to change at a later date. Accordingly, as the objectant knew or should have known about the allegedly fraudulent transactions before agreeing to the settlement, Surrogate's Court properly denied his motion to vacate the parties' open court settlement (see Myristica, LLC v Camp Myristica, Ltd., 201 AD3d at 1081). We have reviewed the objectant's remaining contentions and find them to be unpreserved or without merit.
Ceresia, Fisher, McShan and Corcoran, JJ., concur.
ORDERED that the decree is affirmed, with one bill of costs.

Footnotes

Footnote 1
It is also noteworthy that the objectant initially petitioned for an order from Surrogate's Court directing the trustee to file an accounting and acknowledged the court's jurisdiction over the trust in his objections to the trustee's petition for judicial settlement of the accounting.

Footnote 2
The objectant's argument that an automatic stay should have been in effect once the trustee died was waived by virtue of his failure to raise this issue before Surrogate's Court (see Matter of Brady v Town of Warwick, 244 AD3d 1699, 1700 n [3d Dept 2025]).